Judge Hellerstein

09  CV  10559

S:\FILES\5393_HANWHA CORP\NOTICE OF REMOVAL.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
John T. Lillis Jr.
75 Maiden Lane, Suite 402
New York, New York 10038-4635
Telephone:  (212) 430-0800
Facsimile:  (212) 430-0810
Attorneys for Defendant and Counter Claimant
Cedar Petrochemicals, Inc.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| HANWHA CORPORATION | ) | 09  Civ.    (   ) |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **NOTICE OF REMOVAL** |
| - against - | ) |  |
|  | ) |  |
| CEDAR PETROCHEMICALS, INC. | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

PLEASE TAKE NOTICE that Cedar Petrochemicals, Inc. (Cedar), through its attorneys Kennedy, Lillis, Schmidt & English, hereby removes this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1446.

The grounds for removal are as follows:

1.  On or about November 25, 2009, Hanwha Corporation (Hanwha) filed a Summons and Complaint in the Supreme Court of the State of New York, County of New York, Index No. 603607/09. See Exhibit A, Summons and Complaint.

1

2.    The annexed Summons and Complaint constitutes all of the process, pleadings, or orders served upon Cedar in the State Court proceeding.

3.    Plaintiff served the Summons and Complaint on Cedar on November 30, 2009 at Cedar's principal place of business in New York, New York. See Exhibit A, Summons and Complaint.

4.    Cedar now timely files this Notice of Removal within thirty days after receipt of the Summons and Complaint. 28 U.S.C. §1446(b).

5.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1331 because Hanwha's claims are based on a treaty of the United States, to wit, the United Nations Convention On Contracts For The International Sale Of Goods. See Exhibit A, Summons and Complaint, Paragraph 9.

6.    Further, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1333 because Cedar's counter claim is based on Hanwha's failure to pay demurrage as agreed between these parties. See Exhibit B, Answer and Counter, Paragraphs 33-40.

7.    Based on the foregoing, removal is proper.

8.    Pursuant to 28 U.S.C. §1446(d) a copy of this Notice of Removal will be filed promptly with the Clerk of the Supreme Court of New York, County of New York.

WHEREFORE, Cedar respectfully requests that the action described herein be removed to this Court.

Dated:    New York, New York
          December 24, 2009

KENNEDY, LILLIS, SCHMIDT & ENGLISH
Attorneys for Cedar Petrochemicals,
Inc.

By: _____
    John T. Lillis Jr.
    75 Maiden Lane, Suite 402
    New York, New York  10038-4816
    Telephone:  212-430-0800

TO:    COSTELLO, SHEA & GAFFNEY
       *Attorney for Plaintiff:*

       Fred Gaffney, Esq.
       44 Wall Street
       New York, New York 10005

3

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

HANWHA CORPORATION,

                Plaintiff,

      -against-

CEDAR PETROCHEMICALS, INC.

                Defendant.

---------------------------------------------------------------X

Index No.: **603607/09**

Date Purchased: **11/25/09**

**SUMMONS**

Plaintiff designates New York
County as the Place of Trial
The Basis of this Venue is
Defendant's place of business.

**TO THE ABOVE NAMED DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with summons, to serve a notice of

appearance, on the plaintiff's attorneys within twenty (20) days after service of this summons,

exclusive of date of service (or within thirty (30) days after the service is complete if this summons

is not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
      November 25, 2009

                        COSTELLO, SHEA & GAFFNEY LLP

                        By: _____

  NEW YORK
  COUNTY OF [illegible]

  NOV. 2 5 2009

  NOT COMPARED
  WITH COPY FILED

                        JANET W. SUK
                        Attorneys for Plaintiff
                        Office & P.O. Address
                        44 Wall Street
                        New York, New York 10005
                        (212) 483-9600

TO:    Cedar Petrochemicals, Inc.
       110 Wall Street, 7th Fl.
       New York, NY 10005

COSTELLO, SHEA & GAFFNEY LLP
ATTORNEYS-AT-LAW
44 WALL STREET
NEW YORK, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X    Index No.:

HANWHA CORPORATION,

                        Plaintiff,                    **COMPLAINT**

            -against-

CEDAR PETROCHEMICALS, INC.

                        Defendant.
----------------------------------------------------------------X

    HANWHA CORPORATION, a foreign corporation ("Hanwha"), by its attorneys,

Costello, Shea & Gaffney LLP, as and for plaintiff's Complaint against the defendant, CEDAR

PETROCHEMICALS, INC. ("Cedar"), respectfully sets forth, represents and alleges:

    1.    This is an action brought by Hanwha for breach of contract.

    2.    Hanwha is a corporation organized and existing under and by virtue of the laws of

Korea having its principal place of business at Hanwha Building #1, Changkyo-Dong, Chung-gu,

Seoul, Korea.

    3.    At all times relevant herein, Hanwha, was and is still engaged in the business of,

*inter alia*, distributing, buying and selling various liquid petrochemicals.

    4.    Cedar, upon information and belief, was and is a corporation organized and

existing under and by virtue of the laws of the State of New York, having its principal place of

business at 110 Wall Street, New York, NY 10005.

    5.    Upon information and belief, Cedar, was and is still engaged in the business of

buying and selling liquid petrochemical products.

    6.    Cedar, individually, and or through its affiliates and privies, officers, agents

and/or employees, upon information and belief, are present, transact and/or is doing business, including soliciting business in, shipping goods into and/or from the State of New York, selling and/or deriving substantial revenue from intrastate and interstate commerce which has an effect in the State; the cause of action set forth in this Complaint arise out of and relate to the acts, conduct and omissions of the defendant within this Sate, having an effect in the State of New York.

7.    On or about May 27, 2009, Hanwha submitted an offer, setting forth specific terms for the purchase of Toluene, including quantity, price, and payment. A copy of Hanwha's offer is annexed hereto as Exhibit "A".

8.    Cedar, on or about May 27, 2009, accepted Hanwha's offer. Cedar agreed to sell and Hanwha to buy 1000 metric tons (MT) plus or minus 5% seller's option of pure Toluene, at a price of US$640.00 per MT, for delivery within June, 2009 ("May 27, 2009 Agreement"). A copy of the acceptance is annexed hereto as Exhibit "B".

9.    Pursuant to 28 U.S.C. §1331, the May 27, 2009 Agreement is governed under a treaty of the United States, *to wit*, the United Nations Convention on the International Sale of Goods ("CISG"), to which both Korea and the United States are signatories.

### AS AND FOR A FIRST CAUSE OF ACTION

10.    Hanwha repeats and realleges each and every prior allegation as if set forth at length herein.

11.    Pursuant to Article 18 of the CISG, Cedar was obligated to sell and deliver the 1000 MT of Toluene as set forth in the May 27, 2009 Agreement.

12.    Hanwha, as buyer, duly performed all of its obligations to Cedar, as seller, under

ITELLO, SHEA & GAFFNEY LLP
ATTORNEYS-AT-LAW
44 WALL STREET
NEW YORK, NY 10005

the May 27, 2009 Agreement.

13.    Cedar breached their contractual obligations to Hanwha under the CISG in that they refused to deliver 1000MT of Toluene pursuant to the May 27, 2009 Agreement.

14.    Cedar's failure to deliver the Toluene to Hanwha constitutes a fundamental breach of that agreement.

15.    Accordingly, Hanwha became entitled to exercise its rights and remedies on account of Cedar's breach, including, without limitation, the recovery of damages.

16.    As a direct and proximate result of Cedar's breach, Hanwha has suffered damages, which include, but are not limited to, compensatory and consequential damages, in the amount of US$172,000.00, together with interest, costs and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION

17.    Hanwha repeats and realleges each and every prior allegation as if set forth at length herein.

18.    Cedar informed Hanwha, in writing on June 11, 2009, of their intention to breach their contractual obligations.   The letter is annexed hereto as Exhibit "C".

19.    The letter from Cedar advising Hanwha of its cancellation to sell 1000MT of Toluene and the conduct of Cedar amounted to an anticipatory breach of the contract with Hanwha for the sale of Toluene inasmuch as Hanwha could no longer reasonably expect performance on the May 27, 2009 Agreement by Cedar.

20.    As a direct and proximate result of Cedar's breach, Hanwha has suffered damages, which include, but not limited to, compensatory and consequential damages, in the amount of US$172,000.00, together with interest, costs and attorneys' fees.

COSTELLO, SHEA & GAFFNEY LLP
ATTORNEYS-AT-LAW
44 WALL STREET
NEW YORK, NY 10005

21.     Although demand has been made for payment of the damages sustained by Hanwha, no part thereof has been paid.

WHEREFORE, plaintiff, HANWHA CORPORATION, demands judgment against the defendant in a sum which exceeds jurisdiction of all courts of lesser jurisdiction; together with the costs and disbursements of this action.

Dated: New York, New York
          November 25, 2009

Yours, etc.,

COSTELLO, SHEA & GAFFNEY LLP

By: _____
          JANET W. SUK
          Attorneys for Plaintiff
          *HANWHA CORPORATION*
          44 Wall Street, 11th Floor
          New York, New York 10005
          (212) 483-9600

TO:     Cedar Petrochemicals, Inc.
          110 Wall Street, 7th Fl.
          New York, NY 10005

COSTELLO, SHEA & GAFFNEY LLP
ATTORNEYS-AT-LAW
44 WALL STREET
NEW YORK, NY 10005

Exhibit A

to:jun2

Sent: Wednesday, May 27, 2009 3:47 PM
To: 조 훈
Cc: 김광오; 김대현
Subject: Firm Bid for Toluene

Dear Sir,


We are pleased to submit our firm bid as follows.


1. Cargo : Toluene in Bulk

2. Specifications: As conforming to ASTM D 841

3 .Quantity : 1,000MT +/-5% at Seller's option

4. Origin : Spain

5. Delivery : Within June, 2009 arrival

6. Destination: Zhangjiagang, China

7. Price: USD 640/MT CFR Zhangjiagang, China

8. Paymement term: L/C 90days after B/L Date

9. Validity: 16:10 May 27, 2009 Korean Standard Time


Wating for your confirmation


Sincerely,




반준형 / J.H.BAN
HANWHA CORPORATION

☎ OFFICE : 82-2-729-3675
☎ MOBILE : 82-11-825-2265
✉ e-Mail : jun25@hanwha.co.kr
✎ Yahoo id : Joonhyungban

⊠

NOV. 27. 2009 11:05AM     COSTELLO SHEA & GAFFNEY LLP                    NO. 0045   P. 10

**EXHIBIT B**

NOV. 27. 2009 11:05AM COSTELLO SHEA & GAFFNEY LLP---------------NO. 0045   P. 11

From : HV/CHO YONG<cyhvco@kornet.net>

To : '반준염'<jun25@hanwha.co.kr>

Cc : '김광오'<alvinkim@hanwha.co.kr>, '김대헌'<remakeme@hanwha.co.kr>, HVH/CHO YONG<cyhvco@kornet.net>

Sent : 2009-05-27 PM 04:01

Subject : RE: Firm Bid for Toluene

------------------------------------------------------------------------

DEAR SIRS,

THANKS FOR YOUR FIRM BID.

WE, ON BEHALF OF CEDAR, ARE PLEASED TO ACCEPT YOUR FIRM BID,

HOWEVER, PLS DO YOUR BEST TO OPEN YOUR L/C ASAP AND ADV THE DOCS REQUIRED.

THANKS & RGDS
CHO YONG,H.V,CO.,LTD.
TEL : 02-3471-2118
FAX : 02-3472-2110
2ND MAIL : cyhvco@gmail.com
MOBILE : 016-214-2119

Exhibit C

NOV. 27. 2009 11:05AM    COSTELLO SHEA & GAFFNEY LLP    NO. 0045    P. 13

| 제목 | L/C AMENDMENTS TOLUENE AND CUMENE |
| 보낸사람 | CHO YONG@G MAIL<cyhvco@gmail.com> |
| 받은시간 | 2009-06~11 13:16:29 |
| 받는사람 | 윤' '이진 반준협 현' '김대 jayjung@hanwha.co.kr |

DEAR SIRS,

WE, ON BEHALF OF Cedar Petrochemicals, Inc., ARE VERY REGRET TO ADV THAT WE HAVE TO RESERVE ALL RIGHTS OF THE ABOVE MENTIONED PRODUCTS TO SELL ELSEWHERE UNLESS YOU CAN NOT AMEND YOUR L/C WITHIN TODAY'S WORKING TIME AS PER CEDAR'S REQ.

TOLUENE
DUE to your non-compliance by NOT establishing a WORKABLE letter of credit against this contract, we reserve the right to sell this product elsewhere.

CUMENE
Cedar will reserve the rights to sell this product to elsewhere unless you can amend your l/c within today as per Cedar's req.

THANKS & K.RGDS
CHO YONG/H.V.CO.,LTD.
TEL : 02-3471-2118
FAX : 02-3472-2110
MOBILE : 018-214-2119
2ND MAIL : cyhvco@kornet.net
MSN : cyhvco@msn.com

| 제목 | [FWD]TOULENE |
|------|--------------|
| 보낸사람 | 정재영 |
| 발은시간 | 2009-07-01 11:19:26 |
| 받는시람 | 반준형 |

----- Original Message -------------------------------------------------------
From : CHO YONG@G MAIL<cyhvco@gmail.com>
To : 항' '이진<jin3637@hanwha.co.kr>, 반준형<jun25@hanwha.co.kr>, 한' '김대<remakeme@hanwha.co.kr>, <jayjung@hanwha.co.kr>
Cc : HV/CHO YONG<cyhvco@kornet.net>
Sent : 2009-05-11 PM 01:29
Subject : TOULENE
----------------------------------------------------------------------------

DEAR SIRS,

CEDAR PETROCHEMICALS ASKS TO PASS THE BELOW MAIL TO YOU.

¤¤=QUOTE¤¤¤

Please note that according to general contract law and the United Nations Convention on Contracts for the International Sale of Goods (CISG), (which is the governing body of law for conflict resolution in this case), we do not have a signed contract for the sale of Toluene to Hanwha.

Hanwha materially altered Cedar's offer to sell 1kt Toluene when they made changes to the face of Cedar's contract, deleted Cedar's general sales terms and conditions, and inserted their own purchase terms and conditions. Therefore, what we have is a counter offer from Hanwha, which Cedar rejected on 2 separate occasions as evidenced below.

As there is no contract between Cedar and Hanwha, Cedar is entitled to sell this parcel to another party. .

Kind regards,

William Sparks, CPA

CFO

Cedar Petrochemicals, Inc.

THANKS & K.RGDS
CHO YONG/H.V.CO.,LTD.
TEL : 02-3471-2118
FAX : 02-3472-2110
MOBILE : 018-214-2119
2ND MAIL : cyhvco@kornet.net
MSN : cyhvco@msn.com

Thanks and Best regards
-------------------------------------

 Hanwha

한화/무역
기초유화팀  정재영

JAY JUNG

HANWHA CORPORATION/TRADE

BASIC PETROCHEMICALS TEAM

NOV. 27. 2009 11:05AM    COSTELLO SHEA & GAFFNEY LLP    NO. 0045    P. 15



Index No.

Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

HANWHA CORPORATION,

Plaintiff,

-against-

CEDAR PETROCHEMICALS, INC.,

Defendant.

———— NOTICE OF ENTRY ————

Sir-Please take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on ........ 20

Dated

Yours, etc,

COSTELLO, SHEA & GAFFNEY LLP
Attorneys for

Office and Post Office Address:
444 WALL STREET,
NEW YORK, NY 1005

# EXHIBIT B

S:\FILES\5393_HANWHA CORP\ANSWER-COUNTERCLAIM.DOC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

——————————————————————————————
                                        )
HANWHA CORPORATION                      )      Index No.: 603607/09
                                        )
                  Plaintiff,            )
                                        )   ANSWER AND COUNTERCLAIM
           - against -                  )
                                        )
CEDAR PETROCHEMICALS                    )
                                        )
                  Defendant.            )
                                        )
——————————————————————————————

        CEDAR PETROCHEMICALS, INC. (Cedar), through its attor-
neys, Kennedy, Lillis, Schmidt & English, answers HANWHA
CORPORTAION'S (Hanwha) Complaint as follows:

        1.    Cedar admits the allegation in Paragraph 1 of Han-
wha's Complaint.

        2.    Cedar denies knowledge or information sufficient
to form a belief as to the truth of the allegations of Paragraph
2 of Hanwha's Complaint.

        3.    Cedar denies knowledge or information sufficient
to form a belief as to the truth of the allegations of Paragraph
3 of Hanwha's Complaint.

        4.    Cedar admits the allegations in Paragraph 4 of
Hanwha's Complaint.

5.  Cedar admits the allegations in Paragraph 5 of Hanwha's Complaint.

6.  Cedar admits the that it resides and conducts business in the State of New York, but denies that Hanwha's Complaint sets forth a cause of action arising out of Cedar's conduct within the State of New York or in any other jurisdiction.

7.  Cedar denies the allegations in Paragraph 7 of Hanwha's Complaint.

8.  Cedar denies the allegations in Paragraph 8 of Hanwha's Complaint.

9.  Cedar denies the existence of a "May 27, 2009 Agreement" between Cedar and Hanwha, but does admit that the United Nations Convention on the International Sale of Goods (CISG), to which both Korea and the United States are signatories, governs the creation of contracts between parties incorporated by the laws of such signatories. But for that limited admission, Cedar denies the remaining allegations in Paragraph 9 of Hanwha's Complaint.

## AS FOR HANWHA'S FIRST CAUSE OF ACTION

10.  Cedar repeats, realleges, and incorporates by reference every admission, denial, and denial of knowledge or infor-

2

mation sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 1 through 9 above.

11. Cedar denies the allegations in Paragraph 11 of Hanwha's Complaint.

12. Cedar denies the allegations in Paragraph 12 of Hanwha's Complaint.

13. Cedar denies the allegations in Paragraph 13 of Hanwha's Complaint.

14. Cedar denies the allegations in Paragraph 14 of Hanwha's Complaint.

15. Cedar denies the allegations in Paragraph 15 of Hanwha's Complaint.

16. Cedar denies the allegations in Paragraph 16 of Hanwha's Complaint.

<u>AS FOR HANWHA'S SECOND CAUSE OF ACTION</u>

17. Cedar repeats, realleges, and incorporates by reference every admission, denial, and denial of knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 1 through 16 above.

18. Cedar denies the allegations in Paragraph 18 of Hanwha's Complaint.

19.    Cedar denies the allegations in Paragraph 19 of Hanwha's Complaint.

20.    Cedar denies the allegations in Paragraph 20 of Hanwha's Complaint.

21.    Cedar denies the allegations in Paragraph 21 of Hanwha's Complaint.

### CEDAR'S FIRST AFFIRMATIVE DEFENSE

22.    Documentary evidence proves that Hanwha's firm bid was not an offer the acceptance of which could create a contract.

### CEDAR'S SECOND AFFIRMATIVE DEFENSE

23.    Hanwah's complaint fails to state a claim or cause of action upon which relief can be granted.

### CEDAR'S THIRD AFFIRMATIVE DEFENSE

24.    If Cedar is liable for breach of contract, which is denied, Hanwha failed to mitigate its damages and its claims must be reduced or dismissed accordingly.

*    *    *

### AS FOR CEDAR'S BREACH OF CONTRACT COUNTERCLAIM AGAINST HANWHA

25.    Cedar counterclaims for Hanwha's breach of contract and alleges as follows:

26.    Upon information and belief, Hanwha was and is a Korean corporation with a principal place of business at Hanwha Building #1, Changkyo-Dong, Chung-gu, Seoul, Korea.

27.    Cedar was and is a New York Corporation with a principal place of business at 110 Wall Street, New York, NY 10005.

28.    On April 16, 2009, Cedar and Hanwha entered into Contract No. T412-S2-0309NYC (Contract) under which Hanwha agreed to purchase and Cedar agreed to sell 2,000 metric tons (MT) of Phenol for USD$780/MT, which was delivered in April 2009 aboard the M/T CRYSTAL AMARANTO.

29.    Pursuant to Contract Clause 1, Cedar and Hanwha agreed that any claim arising under the Contract would be subject to the jurisdiction of the United States District Court for the Southern District of New York.

30.    Pursuant to Contract Clause 2, Cedar and Hanwha agreed to be subject to the personal jurisdiction of the United States District Court for the Southern District of New York.

31.    Pursuant to Contract Clause 4, Cedar and Hanwha agreed that their Contract would be governed by New York law.

32.    Pursuant to the Contract, Cedar fully performed its obligations.

33. Pursuant to Contract Clauses 7 and 12, Hanwha agreed to pay for any demurrage incurred during the subject shipment.

34. Pursuant to the Contract's Ship Via Clause, Hanwha formally accepted that the shipment would be made aboard the M/T CRYSTAL AMARANTO.

35. During the subject shipment, the M/T CRYSTAL AMARANTO was on demurrage for 99.5072 hours.

36. The demurrage rate for the M/T CRYSTAL AMARANTO was $16,000 per day or pro rata.

37. Thus, for the 99.5072 hours the vessel was on demurrage, the demurrage relating to the subject shipment totaled $66,338.13.

38. Under a 9 July 2009 Invoice numbered D118/09, Cedar made a demand to Hanwha for that $66,338.13.

39. To date, Hanwha has not paid this demanded amount as required under Contract Clauses 7 and 12.

40. As a direct and proximate cause of Hanwha's refusal to pay these demurrage charges, Cedar will incur damages in the amount of $66,338.13, plus interest, costs, and attorneys' fees, which are for Hanwha's account pursuant to Contract Clause 18.

WHEREFORE, Cedar demands judgment against Hanwha for its damages in the amount of $66,338.13, plus interest, costs, and attorneys' fees, and such other and further relief as this Court deems just and proper. Further, Cedar demands dismissal of Hanwha's Complaint with prejudice, an award of Cedar's related costs, disbursements, and expenses, including attorneys' fees, as well as such other and further relief as this Court deems just and proper.

Dated:   New York, New York
       December 18, 2009

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Cedar Petrochemicals, Inc.

By: _____
    John T. Lillis Jr.
    75 Maiden Lane, Suite 402
    New York, New York 10038-4816
    Telephone:  212-430-0800

S:\FILES\5393_HANWHA CORP\5393AFFIDAVIT OF SERVICE.DOC

STATE OF NEW YORK    )
                     :  ss.:
COUNTY OF NEW YORK   )

        Vipul Soni, being duly sworn, says:  I am not a party to the action, am over 18 years of age and reside at New York, New York.

        On December 18, 2009, I served a true copy of the annexed Answer with Counterclaim, in the following manner:  by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known addresses of the addressees as indicated below:

        Costello Shea & Gaffney
        44 Wall Street
        New York, NY 10005

                                  Vipul Soni

Sworn to before me this
21st day of December, 2009

Notary Public

MAREK MODZELEWSKI
Notary Public, State of New York
No. 01MO6186886
Qualified in New York County
Commission Expires May 12, 20__12

1